Concur — McNally, J. P., Stevens, Eager, Steuer and Bastow, JJ.
(A) THE PEOPLE OF THE STATE OF NEW YORK v. SEBASTIANO DEFILIPPO. (B) THE PEOPLE OF THE STATE OF NEW YORK v. JOHN SIENA, SR. (C) THE PEOPLE OF THE STATE OF NEW YORK v. DAVID PIPPIN.— Concur — McNally, J. P., Stevens, Eager, Steuer and Bastow, JJ.

In the Matter of SYLVIA NEEDLEMAN, Petitioner, v. IRVING H. SAYPOL, Justice of the Supreme Court, County of New York, Respondent.—

Concur — Botein, P. J., Breitel, Valente, McNally and Bergan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. JOSEPH GALLO, SIDNEY SLATER, MICHAEL ALBERGO and ALI WAFFA, Defendants.—

Concur — Botein, P. J., Breitel, Valente, McNally and Bergan, JJ.

ARMAND A. CIOFFI v. CITY OF NEW YORK et al.— Concur — Botein, P. J., Breitel, Rabin, Valente, and Eager, JJ.

In the Matter of HARRY K. NADELL, an Attorney.— Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

(November 21, 1961)

HYMAN I. FELDMAN, Respondent-Appellant, v. CHEMICAL BANK NEW YORK TRUST COMPANY, Appellant-Respondent.—

Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.

JACQUES ISSERLES, Appellant, v. GIL-ED CORPORATION, Respondent.—

Plaintiff testified that after he fell, due to a rut in the path, the towrope continued to move upward for a "minute or two" before it caught in his equipment and dragged him along for some distance. A question of fact was at least presented whether the towrope operator was negligent in failing to stop the rope sooner. Moreover, because a new trial is required it should be noted that it was error to exclude expert testimony concerning the custom and practice of other ski-tow operators in guarding against accidents of this kind (*Berman* v. *H. J. Enterprises*, 13 A D 2d 199, 201–202; *Levy* v. *Cascades Operating Corp.*, 176 Misc. 373, 379–380, revd. on other grounds 263 App. Div. 882, revd. on other grounds 289 N. Y. 714; Richardson, Evidence [8th ed.], § 192). Concur — Botein, P. J., Breitel, McNally and Eager, JJ.; Stevens, J., dissents in the following memorandum: I dissent and vote to affirm on the grounds that there is no proof of negligence